# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY SPODEN, #Y15676, *also known as* NINA SPODEN,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFERY M. DENNISON,<br><br>Defendant. | Case No. 18-cv-0949-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Anthony Spoden[1] filed this civil rights action pursuant to 42 U.S.C. § 1983 for alleged violations of her constitutional rights at Shawnee Correctional Center ("Shawnee"). (Doc. 1). The Court screened the Complaint and severed improperly joined claims into four additional actions on July 16, 2018. (Doc. 8). The only remaining claims (*i.e.*, Counts 2 and 3 against Warden Dennison) were dismissed without prejudice pursuant to 28 U.S.C. § 1915A two days later. (Doc. 9). Plaintiff was granted leave to file an amended complaint on or before August 15, 2018. (Doc. 9, p. 8). She was warned that this action would be dismissed with prejudice, if she failed to do so by the deadline. *Id*. (citations omitted). Plaintiff also was warned that she would receive a "strike" pursuant to 28 U.S.C. § 1915(g). (Doc. 9, p. 9).

Instead of filing an amended complaint by August 15, 2018, Plaintiff requested an extension of the deadline. (Doc. 12). The Court granted her request. (Doc. 13). Accordingly, the amended complaint was due on or before September 14, 2018. *Id*. Plaintiff was again warned

---

[1] Plaintiff is a transgender inmate who prefers to be called Nina Cole. (Doc. 1, pp. 2, 13). Although the Court must use Plaintiff's legal name, feminine pronouns will be used in reference to Plaintiff.

1

that failure to comply with the deadline and instructions for amending her complaint would result in dismissal with prejudice. *Id*.

Despite these warnings, Plaintiff again missed the deadline for filing her amended complaint. The Court will not allow this matter to linger indefinitely. This action shall be dismissed with prejudice based on Plaintiff's failure to comply with the Court's Orders (Docs. 9, 13) and failure to prosecute her claims. *See* FED. R. CIV. P. 41(b). The dismissal will count as one of Plaintiff's three allotted "strikes" under of § 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice**, based on Plaintiff's failure to comply with this Court's Orders to file a First Amended Complaint (Docs. 9, 13). *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The dismissal counts as a "strike" under § 1915(g).

**IT IS ALSO ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, she may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). She must set forth each of the issues on appeal in her notice. If Plaintiff does choose to appeal, she will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely

motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  September 21, 2018**

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**